IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| **ELIOT GOLDSTEIN**<br>6 Swan Stream Ct.,<br>Gaithersburg, MD 20877 | : <br> : <br> : <br> : | |
| Plaintiff | : <br> : | |
| vs. | : <br> : | Case No. RWT 12 CV 3329 |
| **WILLIAMSON AND BROWN, LLC**<br>4691 Clifton Parkway<br>Hamburg, New York 14075 | : <br> : <br> : <br> : | |
| Defendant | : | |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 NOV 14  A 9: 28
CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

## COMPLAINT

Plaintiff, **Eliot Goldstein** (hereafter referred to as "Plaintiff" or "Goldstein"), by and through counsel, Martin S. Protas and The Law Offices of Martin S. Protas, brings this Complaint against Defendant, **Williamson and Brown, LLC**, (hereafter referred to as "Defendant" or "W & B.")  In support of his Complaint, Plaintiff alleges as follows:

1. This Complaint seeks damages pursuant to the Fair Debt Collection Practices Act (hereafter "the FDCPA" or "the Act") 15 USC §1692 et. seq., the Maryland Consumer Debt Collection Act, Md. Commercial Law Article, §14-204 et. seq.,  the Maryland Consumer Practices Act, Md. Commercial Law Article, §13-301 et. seq., and for fraud and misrepresentation.

**I. JURISDICTION & VENUE**.

2. This Honorable Court has jurisdiction of this matter pursuant to 15 USC §1692k(d), the *Fair Debt Collection Practices Act*,  28 U.S.C.§1331, 28 U.S.C.§1332 in that the parties are

citizens of different states and the amount in controversy exceeds $75,000.00 and 28 U.S.C.§1367 in that the Court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy.

3. Venue is proper pursuant to 28 USC§1391 in that the events which give rise to this claim occurred in the State of Maryland.

## II. THE PARTIES.

4. Goldstein is an adult citizen of the State of Maryland, residing at 6 Swanstream Ct., Gaithersburg, MD 20877 and is a consumer as that term is defined in 15 U.S.C.§1692a(3).

5. W&B is a limited liability company, formed in the State of New York with its principal place of business located at 4691 Clifton Parkway, Hamburg, NewYork 14075 and is a debt collector as that term is defined in 15 U.S.C.§1692a(6).

6. The actions of W&B complained of herein occurred within one (1) year of the filing of this lawsuit.

## III. FACTUAL ALLEGATIONS.

7. The actions complained of herein consist of numerous telephone communications and voice messages from W&B, through its agents, employees and/or representatives, initiated by it in an effort to collect an alleged debt, the validity of which is and has been denied by Goldstein, including but not limited to the following:

a. On June 1, 2012, Defendant left a voice mail directed to Plaintiff stating that it was "issuing papers to Montgomery County for internet fraud." This communication constituted a violation of 15 USC §1692(e)(3), 15 USC §1692(e)(4), 15 USC §1692(e)(5) and 15 USC §1692(e)(7);

b. On June 7, 2012, Defendant informed Plaintiff that he owed a balance of $600.00 for "internet fraud" but, with attorneys' fees, court costs and miscellaneous charges, the balance totaled over $1,300.00. This communication constituted a violation of 15 USC §1692(e)(2)(A), 15 USC §1692(e)(3), 15 USC §1692(e)(4), 15 USC §1692(e)(5), 15 USC §1692(e)(7) and 15 USC §1692f(1);

c. On June 7, 2012, Defendant left a voice mail directed to Plaintiff stating, *inter alia*, that this was a "final call" and provided a "case number." This communication constituted a violation of 15 USC §1692(e)(2)(A) and 15 USC §1692(e)(13);

d. On June 7, 2012, Defendant left a voice mail directed to Plaintiff alleging that Plaintiff committed an "illegal act" by stating in a telephone conversation that it was him when it was not him. This communication constituted a violation of 15 USC §1692(e)(4), 15 USC §1692(e)(7) and 15 USC §1692(e)(10);

e. On June 8, 2012, Defendant left a voice mail directed to Plaintiff stating that it was contacting the Maryland Attorney General's office to report that "someone" called its offices "pretending to be" Plaintiff. This communication constituted a violation of 15 USC §1692(e)(4), 15 USC §1692(e)(5), 15 USC §1692(e)(7) and 15 USC §1692(e)(10);

f. On June 27, 2012, Plaintiff informed Defendant that he was represented by counsel, identified counsel, advised Defendant to direct all further communications to his attorney and to cease further communications to Plaintiff. Despite that directive, Defendant continued to contact Plaintiff, directly. This communication constituted a violation of 15 USC §1692c(a)(2);

g. In a communication following that of June 27, 2012, Defendant asserted to Plaintiff, "what

kind of law firm pretends to be Eliot Goldstein" and that a recording of the conversation "is being reviewed by the attorney who will then report it to the Maryland Attorney General." This communication constituted a violation of 15 USC §1692c(a)(2);

h. In the foregoing communication following that of June 27, 2012 Defendant recorded its conversation with Plaintiff without first informing Plaintiff that it was being recorded and obtaining his consent. This act violated of Maryland Code, Courts & Judicial Proceedings Article §10-401, et. seq.;

i. On August 21, 2012, Defendant communicated another threat of legal action to Plaintiff, again despite Plaintiff's instruction not to contact him, directly, but to contact his identified counsel. This communication constituted a violation of 15 USC §1692c(a)(2);

j. On August 24, 2012, Defendant communicated another threat of legal action to Plaintiff, again despite Plaintiff's instruction not to contact him, directly, but to contact his identified counsel. This communication constituted a violation of 15 USC §1692c(a)(2).

8. At no time during its initial oral communication with Plaintiff nor in any subsequent oral communication with him did Defendant inform Plaintiff that it was *a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.* This failure to provide any "mini-Miranda" notices constituted a violation of 15 USC§1692(e)(11).

9. At no time before or following its initial or any subsequent oral communication(s) with Plaintiff did Defendant provide Plaintiff with a written notice stating *the amount of the debt, the name of the creditor to whom the debt is owed, that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, that if the consumer notifies the debt collector in*

*writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor*, thus constituting a violation of 15 USC§1692(g).

10. On various occasions, W&B contacted Goldstein's employer and co-workers and discussed his alleged debt with them, including a request for information concerning Plaintiff's employer's policy about serving employees with court summonses on the job and to what address it should direct the summons in order to serve Plaintiff at his place of employment, without prior authorization from Goldstein and in violation of 15 USC §1692c(b).

### COUNT ONE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA,") 15 USC §1692 ET. SEQ.

11. Plaintiff adopts and incorporates by reference each and every allegation of paragraphs 1 - 10 hereof as if fully set forth.

12. The standard to which Defendant's actions are judged is whether the least *sophisticated consumer* would tend to be deceived.

13. In its communication of June 1, 2012,, described in paragraph 7 a, above, by stating that it was "issuing papers to Montgomery County for internet fraud," Defendant committed **four (4) separate violations** of the FDCPA by implying (a) that it was an attorney, (b) that nonpayment of the alleged debt would result in the arrest or imprisonment of the Plaintiff, ( c) that it could legally take such

action in concert with Montgomery County officials and (d) that Plaintiff committed a crime or engaged in conduct which would tend to cause him disgrace and disrepute.

14. In its communication of June 7, 2012 described in paragraph 7 b, above, by informing Plaintiff that he owed a balance of $600.00 for "internet fraud" but that with attorneys' fees, court costs and miscellaneous charges, the balance totaled over $1,300.00, Defendant committed **six (6) separate violations** of the FDCPA by (a) falsely representing the amount of the alleged debt, (b) by falsely implying that it was an attorney in connection with its claim for attorneys' fees and court costs, ( c) by implying through the use of the phrase "internet fraud" that Plaintiff might be arrested or imprisoned as a result of his actions in connection with the alleged debt, (d) by implying that Defendant had the legal right and ability to prosecute Plaintiff for fraud, (e) by implying that Plaintiff had committed the crime of internet fraud and thereby causing him disgrace and disrepute, and (f) by attempting to collect interest, fees, charges or expenses incidental to the principal alleged obligation without an express authorization in an agreement creating the debt or by any permissible statute, law or regulation.

15. In its further communication of June 7, 2012 described in paragraph 7 c, above, by providing Plaintiff with a "case number," Defendant committed **two (2) separate violations** of the FDCPA (a) by misrepresenting the legal status of the alleged debt and (b) by falsely implying that there was legal process in place against Plaintiff.

16. In its further communication of June 7, 2012 described in paragraph 7 d, above, by alleging to Plaintiff that he committed an illegal act by misrepresenting his identity in a telephone call to it, Defendant committed **three (3) separate violations** of the FDCPA (a) by misrepresenting that Plaintiff had done something in connection with an alleged debt that would lead to his arrest or

imprisonment, (b) that he had committed a crime or an act which tended to bring him into disgrace and ( c) by using a false and deceptive means to collect an alleged debt.

17. In its communication of June 8, 2012, described in paragraph 7e, above, by stating to Plaintiff that it was contacting the Maryland Attorney General's office to report that someone had contacted Defendant pretending to be Plaintiff, Defendant committed **four (4) separate violations** of the FDCPA by (a) implying that a criminal arrest would take place due to non-payment of the debt, (b) by threatening to take legal action not otherwise permitted or available to it, ( c) by falsely implying that Plaintiff had committed a crime and (d) by using a false and deceptive means to collect an alleged debt.

18. In its communications on and after June 27, 2012, described in paragraph 7 f,g, h,i and j above, by contacting Plaintiff directly after being informed of the name and contact information of Plaintiff's attorney, Defendant committed **five (5) separate violations** of the FDCPA by contacting Plaintiff directly after being informed that he was represented by counsel.

19. By failing to inform Plaintiff during its initial communication or in any of its further communications that Defendant was a debt collector attempting to colelct a debt and that any information obtrained would be used for that purpose, Defendant committed **eleven (11) separate violations** of the FDCPA.

20. By failing to provide Plaintiff with a written notice required by 15 U.S.C. §1692(g), Defendant committed **one (1)** violation of the FDCPA.

21. By communicating with Plaintiff's co-workers and employer on three (3) occasions, without the prior authorization of the Plaintiff, Defendant committed **three (3) separate violations** of the FDCPA.

### COUNT TWO: VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT, MD. COMMERCIAL LAW ARTICLE, §14-204 ET. SEQ.

22. Plaintiff adopts and incorporates by reference each and every allegation of paragraphs 1 - 21 hereof as if fully set forth.

23. Each of the foregoing communications further constitutes an unfair or deceptive act or practice in violation of both the Maryland Consumer Debt Collection Act, Md. Commercial Law Article, §14-204 et. seq.

### COUNT THREE: VIOLATIONS OF THE MARYLAND CONSUMER PRACTICES ACT, MD. COMMERCIAL LAW ARTICLE, §13-301 ET. SEQ.

24. Plaintiff adopts and incorporates by reference each and every allegation of paragraphs 1 - 23 hereof as if fully set forth.

25. Each of the foregoing communications further constitutes an unfair or deceptive act or practice in violation of the Maryland Consumer Practices Act, Md. Commercial Law Article, §13-301 et. seq.

### COUNT FOUR: VIOLATIONS OF MARYLAND CODE, COURTS & JUDICIAL PROCEEDINGS ARTICLE §10-401 ET. SEQ.

26. Plaintiff adopts and incorporates by reference each and every allegation of paragraphs 1 - 25 hereof as if fully set forth.

27. By recording one or more telephone communications with Goldstein as alleged in paragraph 7(h) and potentially on other occasions, Defendant violated Maryland Code, Courts & Judicial Proceedings Article §10-401 et. seq.

28. Pursuant to Maryland Code, Courts & Judicial Proceedings Article §10-410, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of (the wiretapping and electronic surveillance subtitle) shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications. . . "

29. Plaintiff is a person for whom a cause of action is granted by the foregoing statute.

30. Pursuant to the statute, Plaintiff is entitled to recover actual damages, but not less than liquidated damages computed at the rat of $100 a day for each day of violation or $1,000.00, whichever is higher, punitive damages and reasonable attorney's fees and litigation costs.

## COUNT FIVE: FRAUD AND MISREPRESENTATION

31. Plaintiff adopts and incorporates by reference each and every allegation of paragraphs 1 - 30 hereof as if fully set forth.

32. Each of the communications identified in paragraph 7 hereof constituted a false representation of a material fact, known by Defendant to be false when made and designed to induce Goldstein to pay a debt not owed by him.

33. Each of the representations made by Defendant as identified herein were made for the purpose of defrauding Goldstein and with the intent to have Goldstein act on and rely upon them.

34. As a result, Goldstein suffered emotional distress and incurred damages.

**WHEREFORE**, Plaintiff Goldstein respectfully requests:

1. This Honorable Court enter judgment in favor of Plaintiff, Eliot Goldstein, against

Defendant, Williamson and Brown, LLC in the sum of $39,000 statutory damages, or such amount as is determined to be due by the Court pursuant to the Fair Debr Collection Practices Act, 15 USC §1692 et. seq. pursuant to Count One of the Complaint;

    2. This Honorable Court enter judgment in favor of Plaintiff, Eliot Goldstein, against Defendant, Williamson and Brown, LLC in the sum of $100,000, or such amount as is determined to be due by the Court pursuant to the Maryland Consumer Debt Collection Act, Md. Commercial Law Article, §14-204 et. seq. pursuant to Count Two of the Complaint;

    3. This Honorable Court enter judgment in favor of Plaintiff, Eliot Goldstein, against Defendant, Williamson and Brown, LLC in the sum of $100,000, or such amount as is determined to be due by the Court pursuant to the Maryland Consumer Practices Act, Md. Commercial Law Article, §13-301 et. seq. pursuant to Count Three of the Complaint;

    4. This Honorable Court enter judgment in favor of Plaintiff, Eliot Goldstein, against Defendant, Williamson and Brown, LLC in the sum of $10,000 for compensatory damages and $100,000 for punitive damages, or such amount(s) as is determined to be due by the Court pursuant to Count Four of the Complaint;

    5. This Honorable Court enter judgment in favor of Plaintiff, Eliot Goldstein, against Defendant, Williamson and Brown, LLC in the sum of $100,000, or such amount as is determined to be due by the Court pursuant to Count Five of the Complaint;

    6. This Honorable Court enter an award in favor of Plaintiff, Eliot Goldstein, against Defendant, Williamson and Brown, LLC for attorneys' fees in an amount to be determined at the conclusion of this litigation;

8. This Honorable Court enter an Order and Judgment for costs and for such other and further relief as is deemed just and proper.

Respectfully Submitted,

THE LAW OFFICES OF MARTIN S. PROTAS

_____
Martin S. Protas,  Bar #05411
One Church Street, Suite 910
Rockville, MD 20850
301-340-1896 (telephone)
301-340-1897 (facsimile)
MSProtas@Protas-Law.net

November 13, 2012